# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-0725V
Filed: July 25, 2019
UNPUBLISHED

| | |
|---|---|
| SEAN OBERHEIM,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on<br>Stipulation; Influenza (Flu) Vaccine;<br>Guillain-Barre Syndrome (GBS) |

*Richard Gage*, Richard Gage, P.C. (WY), Cheyenne, WY, for petitioner.
*Glenn Alexander MacLeod*, U.S. Department of Justice, Washington, DC, for
    respondent.

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

      On June 1, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS") caused by the influenza vaccine he received on November 2, 2015. Petition at ¶¶ 2, 8. Petitioner further alleges that he received the vaccination in the United States, suffered the residual effects of the GBS for more than six months, and that neither he nor anyone else has filed a civil action or collected an award or settlement for his GBS, alleged as vaccine caused. *Id.* at ¶¶ 2, 9-10. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 25, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for his SIRVA.  On July 25, 2019, respondent filed a joint stipulation by the parties stipulating that petitioner should be awarded $155,000.00. Stipulation at ¶ 8. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the stipulation.

Pursuant to the terms stated in the attached Stipulation, **the undersigned awards petitioner a lump sum payment of $155,000.00 in the form of a check payable to petitioner, Sean Oberheim.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                               **s/Nora Beth Dorsey**
                               Nora Beth Dorsey
                               Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                            *
SEAN OBERHEIM,                              *
                                            *
                    Petitioner,             *
                                            *
v.                                          *    No. 17-725V (ECF)
                                            *    CHIEF SPECIAL MASTER
                                            *    NORA BETH DORSEY
SECRETARY OF HEALTH                         *
AND HUMAN SERVICES,                         *
                                            *
                    Respondent.             *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

### STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Sean Oberheim, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received a flu vaccine on or about November 2, 2015.

3. The vaccine was administered within the United States.

4. Petitioner experienced the onset of Guillain-Barre Syndrome ("GBS") within the Table timeframe following the flu immunization he received on or about November 2, 2015, and experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Petitioner has satisfied the criteria set forth in the Table to demonstrate entitlement to compensation for his GBS.

7. Accordingly, the Chief Special Master issued a Ruling on Entitlement on May 25, 2018, finding petitioner entitled to receive an award of compensation. Therefore, a decision should be entered awarding compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $155,000.00 in the form of a check payable to petitioner, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about November 2, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about June 1, 2017, in the United States Court of Federal Claims as petition No. 17-725V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to the amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged GBS or any other injury or any of his current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

_____  8/12/19
SEAN OBERHEIM

| ATTORNEY OF RECORD FOR PETITIONER: | AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL: |
|---|---|
| RICHARD GAGE, ESQ.<br>RICHARD GAGE, PC<br>181 5 Pebrican Ave.<br>P.O. Box 1223<br>Cheyenne, WY 82003-1223<br>Tel: (307) 433-8864 | CATHARINE E. REEVES<br>Deputy Director<br>Civil Division<br>U.S. Department of Justice<br>P. O. Box 146<br>Benjamin Franklin Station<br>Washington, D.C. 20044-0146 |

| AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES: | ATTORNEY OF RECORD FOR RESPONDENT: |
|---|---|
| Ward Sorensen for<br>TAMARA OVERBY<br>Acting Director, Division of Injury<br>Compensation Programs<br>Healthcare Systems Bureau<br>Health Resources and Services Administration<br>U.S. Department of Health<br>and Human Services<br>5600 Fishers Lane<br>Parklawn Building, Stop-08N146B<br>Rockville, MD 20857 | GLENN A. MACLEOD<br>Senior Trial Counsel<br>Torts Branch, Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, D.C. 20044-0146<br>Tel: (202) 616-4122<br><br>Dated: 7/22/19 |